

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-60,937-06 and WR-60,937-07

### EX PARTE U. S. CARNELL PETETAN JR., Applicant

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
### IN CAUSE NO. 2012-2331-C1A IN THE 19TH JUDICIAL DISTRICT COURT
### McLENNAN COUNTY

**YEARY, J., filed an opinion dissenting in part and concurring in part.**

### DISSENTING AND CONCURRING OPINION

The Court's order today grants the convicting court an extension of time to complete its fact findings and recommendations for this Court relating to Applicant's initial post-conviction application for writ of habeas corpus, which was initially filed in a case in which the death penalty had been imposed, under Article 11.071 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 11.071, § 1. The problem is, this Court vacated Applicant's death sentence on direct appeal, on the basis of punishment-phase error, and it remanded the cause to the trial court for another punishment hearing. *Petetan v. State*, 622 S.W.3d 321 (Tex. Crim. App. 2021). For the reasons I have explained in my dissenting opinion in *Ex parte Brownlow*, ___ S.W.3d ___, No. WR-85,286-01, 2021 WL 4197415,

at *2 (Tex. Crim. App. del. Sept. 15, 2021) (Yeary, J., dissenting), I believe the Court should dismiss this application on the basis that it no longer has authority to proceed, since there is no longer any "judgment imposing a penalty of death" that exists in this case. *See* TEX. CODE CRIM. PROC. art. 11.071, § 1 ("[T]his article establishes the procedures for an application for a writ of habeas corpus in which the applicant seeks relief from a *judgment imposing a penalty of death*.") (emphasis added). Indeed, we have no way of knowing, at this point in time, whether Applicant will once again be sentenced to death. Because the Court does not simply dismiss Cause Number WR-60,937-06, I respectfully dissent to the Court's action in that case.

On the other hand, I agree with the Court's order to the extent that it dismisses Applicant's purported Article 11.07 post-conviction application for writ of habeas corpus. Any writ brought under the auspices of Article 11.07 is premature since, until such time as Applicant is once again sentenced for his crime, his conviction is not final for purposes of our acquiring authority to entertain a non-capital felony writ application under that provision. *See Brownlow*, ___ S.W.3d at ___, 2021 WL 4197415, at *2; TEX. CODE CRIM. PROC. art. 11.07, § 1 ("This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony *judgment imposing a sentence other than death*.") (emphasis added). Because the Court appropriately dismisses Cause Number WR-60,937-07, I concur with the Court's action in that case.

As far as I am concerned, all felony post-conviction habeas corpus proceedings in this case should halt and be dismissed, at least until such time as Applicant has obtained a new sentence pursuant to our remand on direct appeal and then chooses, if he does, to file a new application under the appropriate Code of Criminal Procedure Chapter 11 article.

*See id*. at \*4 ("I would grant Applicant's motion to dismiss his Article 11.071 writ application without prejudice to re-file it . . . at a later date as may become appropriate; and without prejudice to filing an Article 11.071 writ application, should that eventually prove to be the appropriate procedure after all."). To do otherwise, as the Court does today, unnecessarily complicates the previously obvious distinctions between death-penalty versus non-death-penalty capital applications for the writ of habeas corpus.

Our Legislature has provided clear and distinct procedures for felony post-conviction habeas applications, which proceed along markedly different paths depending entirely on whether a sentence of death or some other sentence has been imposed. At present, of course, Applicant's case is in a posture in which no sentence at all is imposed. It is possible that he might either once again be sentenced to death or that a life sentence will be imposed. Once his new sentence is imposed, the appropriate habeas path will be obvious. But until that happens, we have no authority to entertain his previous filings. Because the Court refuses to dismiss both of Applicant's current writ applications and wait—as the clear legislative directives require—to see first whether Applicant is sentenced to death or life, I cannot join its order.

FILED:                         October 20, 2021
PUBLISH